## Beach *versus* Schoff.

Where one navigating on a stream, a public highway, finds it obstructed with the raft of another, he may remove such obstruction, and that in the most speedy way, if the exigencies of the case require it, and is only liable for gross negligence or wilful destruction, in removing such obstruction.

The application of the rule is the same, though the obstruction being there, was the result of accident or misfortune.

A party, in removing such obstruction, is not bound to use the same degree of caution, that a careful man would exercise in reference to his own property.

ERROR to the Common Pleas of *Tioga county*.

This was an action of trespass by John W. Schoff against Winthrop Beach. The action was commenced before a justice of the peace, and removed into the Common Pleas by appeal. The parties were engaged in lumbering on the Cowanesque river, a public highway. The defendant, in the spring of 1854, started six rafts of boards which he intended to run to Columbia to market. He left with them on the 21st April, and ran them until he arrived at Culver & Slosson's mill-dam, where he found a spar-raft, belonging to the plaintiff, lodged upon the dam; and, as he alleged, in the only course by which he could run his rafts over the dam. This spar-raft had been lodged there from some time in March. The defendant, with his workmen, went upon the raft and cut the fastenings which held the spars together, and took off two of the spars, one of which they conveyed to the beach and secured it, and the other went adrift. This having made room to pass, the defendant went on down the river with his rafts. The remaining part of plaintiff's raft continued upon the dam. The plaintiff came there upon the same day, and had notice of what was done, but it does not appear that he took any means to secure his raft. The water rising carried the spars down the river a short distance, and lodged them against the piers of a bridge.

This action was brought to recover damages for the spar which went adrift, and the expense incurred in getting the others together and rafting them in again.

On the trial in the court below, the defendant presented the following points:—

1. That, if the plaintiff contributed to the injury, he cannot recover, although the defendant might have been guilty of negligence.

2. If the jury believe from the evidence, that the plaintiff's raft was run, and left by him, in the course for three or four weeks, and until the next freshet, and the defendant, in descending the river with his rafts, was obstructed by the plaintiff's rafts, the defendant had the right to remove the plaintiff's spars to effect

[Beach *v.* Schoff.]

a passage, and, in doing so, is not liable for the loss of the plaintiff's spars, unless he was guilty of gross or wilful negligence.

The court below (WHITE, P. J.) answered these points as follows:—

"Defendant's first point is not applicable to the facts of this case. It is not shown that plaintiff contributed to the injury for which suit is brought. The cutting of the raft and occasioning the spars to go adrift, was the act of the defendant and those in his employ. This constituted the injury, and was neither authorized nor participated in by the plaintiff. Nor can it be said in any just sense that he was guilty of that kind of negligence or carelessness, which authorized the application of the rule, 'That for an injury occasioned by the joint carelessness or misconduct of two persons, neither can sustain an action against the other.'

"Upon defendant's second point the jury were instructed that it was the duty of the plaintiff to remove his spars from their position on Slosson & Culver's dam within a reasonable time after they were lodged there; that he was liable to all persons using the navigation who were obstructed or impeded by his raft, for whatever amount of damages such obstruction occasioned, and that such persons had the right to remove the raft in pieces or single spars, if it could not be removed otherwise. But they had no right to destroy it, or any portion of it, wantonly and uselessly. On the contrary, they were bound to exercise such care in removing it as an ordinarily careful man would have used in the removal of his own property from the same or a similar position. If by such care defendant could have saved the raft, he ought to have done it; and for not doing it he is liable to pay for the spars that were lost, and the extra expense of getting those together which were afterwards recovered upon the bridge piers at Osceola. In other words, the plaintiff is entitled to a verdict for all the damages he has sustained by reason of the conduct of the defendant and his employees so far as you believe it to have been characterized by a useless, wanton, and wilful destruction or waste, from negligence, or by not exercising that care to save the plaintiff's property which persons of ordinary prudence and caution usually manifest in the care of their own property. Defendant excepted to the charge before verdict upon the points put by him, and so much of it as had relation to those points is written out and filed."

The jury found for the plaintiff $55.56, and the court entered judgment upon the same.

The defendant sued out this writ, and assigned here for error, the answer of the court below to the points presented.

*Monroe,* for plaintiff in error, cited Tompkins *v.* Saltmarsh, 14

[Beach v. Schoff.]

*S. & R.* 275; Philiber *v.* Matson, 2 *Harris* 306; Turnpike Company *v.* Rogers, 2 *Barr* 114; 3 *Stephens' N. P.* 2364; 1 *Ch. Pl.* 163; Smith *v.* Rutherford, 2 *S. & R.* 360; 1 *Ch. Pl.* 127.

*Ryan*, for defendant in error.—The judge, in his charge, gave the defendant the benefit of the assumption that the plaintiff's raft was an obstruction. But, if he had the right to remove it as such, to effect a passage, he could not in doing so commit a wanton injury: 2 *Harris* 306. The court told the jury that the defendant, in removing the raft, would have to use such ordinary care as a careful man would have used with his own property. This direction is sustained by the case cited 2 *Harris* 306. The cases from 2 *Barr* 114, and 3 *Steph. N. P.* 2364, are not analogous. When Beach cut the plaintiff's raft he did all that was done in those cases. When he set the logs adrift he did more, and was liable for it as a trespasser.

The opinion of the court was delivered by
KNOX, J.—Winthrop Beach, the plaintiff in error and defendant below, in running lumber down the Cowanesque river, in Tioga county, found a raft of spars belonging to the plaintiff lodged on a mill-dam. Alleging that the spars prevented his passing over the dam with safety, he removed two of them, one of which was lost. To recover for the lost spar, and the expenses incurred in putting the raft again in order, this action of trespass was brought.

Upon the trial the defendant's counsel requested the court to charge the jury,

1st. That if the plaintiff by his negligence contributed to the injury, he could not recover, although the defendant might have been also guilty of negligence.

2d. That if the jury believed from the evidence, that the plaintiff's raft was run and left by him in the course for three or four weeks, and until the next freshet; and the defendant in descending the river with his rafts was obstructed by the plaintiff's raft, the defendant had the right to remove the plaintiff's spars to effect a passage, and in doing so is not liable for the loss of plaintiff's spars, unless he was guilty of gross or wilful negligence.

To the first proposition the Court of Common Pleas answered, that it was not applicable to the case.

To the second, that the defendant had the right to remove the spars from the course, but in so doing he was "bound to exercise the same care in removing it, as an ordinarily careful man would have used in the removal of his own property from the same or a similar position."

[Beach *v.* Schoff.]

We see nothing in the case which convicts the court of error, in refusing to apply the well established principle, that no recovery can be had when the loss springs from mutual negligence. But we are of opinion that there was error in the instruction that the defendant in removing the spars was bound to the same care that an ordinarily careful man would exercise in removing his own property from a similar position.

The Cowanesque river is a public highway, and as such is open to the use of the public for the purposes to which it is applicable. It can only be used for descending navigation in times of high water, which usually lasts but for a short time. During the period of navigation it is very important to the lumber trade that the course should be kept free from obstruction; and where one descending the stream finds it blocked up so as to arrest his progress, he may undoubtedly remove the obstruction, and that too in the most speedy manner, if the exigencies of the occasion require it. At the most he is only liable for gross negligence or wilful destruction in removing the obstruction. Any other rule might result in loss to one without fault, for the purpose of protecting the person who by accident or otherwise had caused the obstruction.

"Where a loss must fall on one of two innocent persons, it should be borne by him whose accident was the cause of it:" Philiber *v.* Matson, 2 *Harris* 307. True, the defendant was not justified in doing unnecessary injury to the plaintiff's property; but he had the right to protect his own property even at the expense of loss to the plaintiff's. And this was denied to him under the rule applied upon the trial; for if he was bound to act as the owner of the spars would act under the same circumstances, the right of preference was gone.

The defendant was entitled to an affirmative answer to his second point, and because he did not get it the judgment must be reversed.

Judgment reversed and *venire de novo* awarded.